# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS DOOP, | ) 1:14cv01933 DLB PC |
| Plaintiff, | ) ORDER FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND |
| vs. | ) |
| WOODFORD, et al., | ) THIRTY-DAY DEADLINE |
| Defendant. | ) |

Plaintiff Chris Doop ("Plaintiff") is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action. Plaintiff commenced this action by writing a letter to the United States District Court for the Northern District of California on October 10, 2014. He filed his complaint on October 24, 2014. On January 5, 2015, Plaintiff filed a First Amended Complaint ("FAC") as a matter of right.[1]

**A.    LEGAL STANDARD**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

---
[1] Plaintiff consented to the jurisdiction of the United States Magistrate Judge on December 12, 2014.

1

legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law.  Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983.  Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934.  Plaintiff must present factual allegations sufficient to state a plausible claim for relief.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**B.    SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff is now out of custody. The events at issue occurred while he was incarcerated at Avenal State Prison ("ASP").

Plaintiff contends that Defendants have a duty to provide a safe environment to inmates, but they disregarded their duty by placing him at risk of Valley Fever exposure. Plaintiff alleges that Defendants continue to house inmates who test negative for Valley Fever at ASP, despite a court order. Plaintiff contends that Defendants are "falsifying lab results and medical records to stop litigation for Valley Fever" because of jobs. ECF No. 13, at 3. He explains that Defendants have posted information on Valley Fever that states that everyone has an equal chance of contracting the disease, but they have transferred Blacks and Filipinos from ASP. Plaintiff states that White and Hispanic inmates are left to suffer.

Defendants also refuse to permit Plaintiff to send his blood to an outside lab, at his expense, for a second opinion. Plaintiff has requested a transfer from ASP due to preexisting medical conditions (Hepatitis C).

He also alleges that Defendants have refused treatment for Hepatitis C, and have created a protocol that is illegal and unconstitutional. He contends that on May 14, 2014, Defendants found a growth on Plaintiff's liver and ordered a biopsy, but the biopsy was denied. He was also lied to, and suffered for months with joint pain while trying to find out what was wrong with him.

Finally, Plaintiff alleges that Defendants are committing mail fraud to stop litigation for Valley Fever. He also believes that Defendants are blocking access to the courts.

**C.    DISCUSSION**

1.    Linkage and Rule 8

Pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121-23 (9th Cir. 2012);

Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010). However, Plaintiff's claims must be facially plausible to survive screening, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

Although Plaintiff lists numerous Defendants, he does not include any Defendants in the factual allegations.[2] Plaintiff cannot simply group all Defendants together and allege, generally, that they violated his rights. Such statements do not meet the pleading requirements. Iqbal, 556 U.S. at 678. Rather, Plaintiff must specifically link each Defendant to factual allegations demonstrating personal participation in the alleged deprivation of rights.

Plaintiff therefore fails to state a claim against any Defendant. He will be permitted to amend.

### 2. Eighth Amendment- Conditions of Confinement

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9 (1992) (citations and quotations omitted). In order to state a claim for violation of the Eighth Amendment, Plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to him. E.g., Farmer v.

---

[2] Plaintiff's original complaint named Woodford, Seagriest, Bopari, McElroy, Conanan, Greenleaf and Kiester as Defendants. In his FAC, he only lists Defendant Woodward in the caption. However, Plaintiff is reminded that the FAC supersedes the original complaint, and he must list each Defendant in amending.

Brennan, 511 U.S. 825, 847 (1994); Thomas v. Ponder, 611 F.3d 1144, 1150-51 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

Plaintiff's conditions of confinement claim is related to his belief that Defendants have exposed him to a risk of contracting Valley Fever. Whether or not Plaintiff has Valley Fever, he must allege facts to show that Defendants acted with deliberate indifference with regard to his confinement at an institution posing a risk of infection. "Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir.2004). "'If a [prison official] should have been aware of the risk, but was not, then the [official] has not violated the Eighth Amendment, no matter how severe the risk.'" Id. at 1057 (quoting Gibson v. Cnty. of Washoe, 290 F.3d 1175, 1188 (9th Cir.2002)). The prisoner must show that "the official [knew] of and disregard[ed] an excessive risk to inmate ... safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference." Id. at 837; Anderson v. Cnty. of Kern, 45 F.3d 1310, 1313 (9th Cir.1995). To prove knowledge of the risk, the prisoner may rely on circumstantial evidence; in fact, the very obviousness of the risk may be sufficient to establish knowledge. Farmer, 511 U.S. at 842.

Mere exposure, even to a hyper-endemic area, by itself does not constitute an excessive risk of harm. Sullivan v. Kramer, 2014 WL 1664983 (E.D.Cal. 2014); (being confined in an area where Valley Fever spores exist is insufficient to state a claim for deliberate indifference); Lua v. Smith, 2014 WL 1308605, at *2 (E.D.Cal. 2014) (first prong of deliberate indifference claim satisfied where plaintiff identifies a factor responsible for increasing the risk of contraction or severity of infection); Willis v. Yates, 2009 WL 3486674, at *3 (E.D.Cal. 2009) (risk of contracting Valley Fever by being housed at PVSP and fact that inmate contracted Valley Fever is insufficient to state a claim).

Plaintiff's claims are too vague to state a claim. He will be permitted to amend.

3.      Eighth Amendment- Medical Treatment

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d 1091, 1096 (9th Cir. 2006)). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

Plaintiff alleges that he has not received proper treatment for Hepatitis C, among other things. He fails to include sufficient factual information, however, to determine whether any Defendant acted with deliberate indifference. He will be permitted to amend.

4.      Access to Courts

Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346, 116 S.Ct. 2174 (1996); Silva v. Di Vittorio, 658 F.3d 1090, 1101 (9th Cir. 2011); Phillips v. Hust, 588 F.3d 652, 655 (9th Cir. 2009). However, to state a viable claim for relief, Plaintiff must show that he suffered an actual injury, which requires "actual prejudice to contemplated or existing litigation." Nevada Dep't of Corr. v. Greene, 648 F.3d 1014, 1018 (9th Cir. 2011) (citing Lewis, 518 U.S. at 348) (internal quotation marks omitted), cert. denied, 132

S.Ct. 1823 (2012); Christopher v. Harbury, 536 U.S. 403, 415, 122 S.Ct. 2179 (2002); Lewis, 518 U.S. at 351; Phillips, 588 F.3d at 655.

Plaintiff mentions access to the courts once by suggesting that Defendants are trying to stop Valley Fever litigation. Without a demonstration of actual injury, Plaintiff does not state a claim. He will be permitted to amend. In amending, however, Plaintiff should keep in mind that he may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact. Fed. R. Civ. P. 20(a)(2); Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997); Desert Empire Bank v. Insurance Co. of North America, 623 F.3d 1371, 1375 (9th Cir. 1980). Only if the defendants are properly joined under Rule 20(a) will the Court review the other claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party.

5. Mail

Prisoners have "a First Amendment right to send and receive mail." Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995). However, Plaintiff's claims of "mail fraud" are too vague to determine the exact nature of his claim. Plaintiff will be permitted to amend, and he should continue to keep in mind the prohibition against joining unrelated claims and parties.

6. Due Process

Plaintiff's due process claim appears to be related to his appeals.

"The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." Wilkinson v. Austin, 545 U.S. 209, 221, 125 S.Ct. 2384 (2005). Plaintiff does not a have protected liberty interest in the processing his appeals, and

7

therefore, he cannot pursue a claim for denial of due process with respect to the handling or resolution of his appeals. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)).

Plaintiff therefore fails to state a claim for due process.

7.   Equitable Relief

Insofar as Plaintiff requests relief related to the conditions of confinement, i.e., a transfer from ASP, he is no longer entitled to such relief. Because Plaintiff is no longer incarcerated at ASP, he lacks standing to pursue his claims for injunctive relief. Summers v. Earth Island Institute, 555 U.S. 488, 493, 129 S.Ct. 1142, 1149 (2009); Mayfield v. United States, 599 F.3d 964, 969-73 (9th Cir. 2010); Nelson v. Heiss, 271 F.3d 891, 897 (9th Cir. 2001).

In the event that Plaintiff is able to cure the deficiencies in his claims, he is limited to seeking damages.

## D.   CONCLUSION AND ORDER

Plaintiff does not state any cognizable claims. The Court will provide Plaintiff with the opportunity to file an amended complaint, if he believes, in good faith, he can cure the identified deficiencies. Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012); Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff amends, he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

If Plaintiff files an amended complaint, it should be brief, Fed. R. Civ. P. 8(a), but under section 1983, it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights and liability may not be imposed on supervisory personnel under the mere theory of *respondeat superior*, Iqbal, 556 U.S. at 676-77; Starr v. Baca, 652 F.3d 1202, 1205-07 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2101 (2012). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, <u>Lacey v. Maricopa County</u>, 693 F.3d 896, 907 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed with leave to amend;
2. The Clerk's Office shall send Plaintiff a complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff must file an amended complaint curing the deficiencies identified by the Court in this order, and
4. <u>If Plaintiff fails to comply with this order, this action will be dismissed, without prejudice, for failure to obey a court order.</u>

IT IS SO ORDERED.

Dated:   **May 14, 2015**                              /s/ Dennis L. Beck
                                                                    UNITED STATES MAGISTRATE JUDGE