# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS DOOP,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>WOODFORD, et al.,<br><br>　　　　Defendant. | ) 1:14cv01933 DLB PC<br>)<br>)<br>) ORDER DISMISSING ACTION FOR<br>) FAILURE TO FOLLOW A COURT ORDER<br>) AND FAILURE TO PROSECUTE<br>)<br>)<br>)<br>) |

　　　　Plaintiff Chris Doop ("Plaintiff") is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action.  Plaintiff commenced this action by writing a letter to the United States District Court for the Northern District of California on October 10, 2014.  He filed his complaint on October 24, 2014.  On January 5, 2015, Plaintiff filed a First Amended Complaint ("FAC") as a matter of right.[1]

　　　　On May 14, 2015, the Court screened Plaintiff's FAC and dismissed it with leave to amend.  Plaintiff was ordered to file an amended complaint within thirty (30) days.  Over thirty (30) days passed and Plaintiff did not file an amended complaint or otherwise communicate with the Court.

---

[1] Plaintiff consented to the jurisdiction of the United States Magistrate Judge on December 12, 2014.

1

On July 6, 2015, the Court issued an order to show cause why this action should not be dismissed for failure to follow a Court order and failure to prosecute.  Plaintiff was ordered to file a response, or an amended complaint, within twenty-one (21) days of the date of service.  Over twenty-one (21) days have passed and Plaintiff has not filed a response or otherwise contacted the Court.

The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action.  *Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000).  In determining whether to dismiss an action for failure to comply with a pretrial order, the Court must weigh: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.  *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quotation marks and citation omitted).  These factors guide a court in deciding what to do and are not conditions that must be met in order for a court to take action.  *In re PPA*, 460 F.3d at 1226 (citation omitted).

"The public's interest in expeditious resolution of litigation always favors dismissal."  *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citation and internal quotation marks omitted).  Further, the Court's need to manage its docket weighs in favor of dismissal, as "[i]t is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants . . . ."  *Pagtalunan*, 291 F.3d at 642 (citation and internal quotation marks omitted).

This action has been pending since October 10, 2014, and Plaintiff has failed to file an amended complaint.  As a result, there is no operative complaint.  Plaintiff has been given numerous chances to do so, but has failed to comply with the Court's order.  The Court's July 6, 2015, order also warned Plaintiff that dismissal would result if he failed to respond to the order.

///

///

Accordingly, IT IS HEREBY ORDERED that this action is DISMISSED WITHOUT PREJUDICE for Plaintiff's failure to follow the Court's orders and failure to prosecute.

IT IS SO ORDERED.

Dated:  **August 18, 2015**                    /s/ *Dennis L. Beck*
                                                       UNITED STATES MAGISTRATE JUDGE